## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLES HAGLER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO._____** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.     COMES NOW the Plaintiff, Charles Hagler, and for his complaint against the Defendants, Experian Information Solutions, Inc. and Bank of America N.A., Plaintiff alleges as follows:

## INTRODUCTION

2.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

## JURISDICTION & VENUE

3.     The jurisdiction of this Court is confered by 15 U.S.C. §1681(p), 28 U.S.C. §1331 and 28 U.S.C. §1367.

4.     Venue in this District is proper in that Plaintiff resides here, Defendants transact business here and the conduct complained of occurred here.

## PARTIES

5.     Plaintiff Charles Hagler ("Plaintiff") is a natural person that resides in the State of Kansas.  He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

6.     Defendant Experian Information Solutions, Inc. ("Experian")  is a consumer reporting agency as defined by 15 U.S.C. §1681a(f).

7.     Defendant Bank of America, N.A. ("BOA") is a financial services company that transacts business within the state of Kansas.

8.     BOA is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS COMMON TO ALL CLAIMS

9.     Plaintiff realleges paragraphs 1-8 as if fully set forth herein.

10.     On or about September 1, 1991, Plaintiff's Mother, Lena Hagler opened a credit card account ("the account") with BOA.

11.     At some time following Plaintiff's mother opening the account, Plaintiff was added as an authorized user on the account.

12.     As an authorized user, Plaintiff was not financially responsible for repayment of the account balance.

13.     On or about April 14, 2010, Plaintiff's mother passed away.

2

14.     As a result of Plaintiff's mother's death, the balance of the account was not repaid and the account fell into default.

15.     On or about February 1, 2013, Plaintiff requested his credit report through a third-party credit report provider and discovered that Experian was reporting negative and inaccurate information with respect to the account, including a high balance, negative payment history and a large past due balance.

16.     On or about February 4, 2013, Plaintiff sent Experian a written dispute demanding removal of the BOA account from his credit report.

17.     Pursuant to § 1681i of the FCRA, Experian was then obligated to reinvestigate this derogatory account for accuracy.

18.     As a part of Experian's investigation, BOA was sent notice of Plaintiff's dispute.

19.     BOA was then obligated to reinvestigate this derogatory account for accuracy.

20.     Experian responded to Plaintiff on February 18, 2013 with a letter stating that the account remains on Plaintiff's report and that BOA verified the account as accurate.

21.     On or about February 4, 2013, Plaintiff retained legal counsel that sent correspondence to BOA regarding the credit card account.

22.     BOA failed to respond to this correspondence.

23.     On or about April 20, 2013, Plaintiff again sent Experian a written dispute demanding removal of all information regarding the BOA account.

3

24.     To the best knowledge and belief of Plaintiff, Experian failed to respond to the April 20, 2013 dispute letter.

25.     On or about April 22, 2013, Plaintiff's counsel sent a letter to BOA requesting the derogatory account be closed and demanding deletion of the trade line from Plaintiff's credit report.

26.     On May 24, 2013, BOA responded with a letter indicating the account was closed and the trade line would be deleted.

27.     On June 13, 2013, BOA sent another letter to Plaintiff indicating that BOA had removed his name from the account and confirming that he is not responsible for the outstanding balance.

28.     Despite these letters, the derogatory account remains on Plaintiff's credit report.

29.     As a result of this derogatory account, Plaintiff has suffered and continues to suffer actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury in addition to the statutory damages in an amount to be determined by the Court.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681n - Experian)

30.     Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

31.     Defendant Experian willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a.    Failing to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

b.    Failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

32.    As a result of Experian's violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury in addition to the statutory damages in an amount to be determined by the Court.

33.    Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

34.    Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CLAIM FOR RELIEF

(15 U.S.C. § 1681o - Experian)

35.    Plaintiff realleges paragraphs 1-34 as if fully set forth herein.

36.    Defendant Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a.    Failing to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

5

      b.     Failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

37.    As a result of Experian's violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury in addition to the statutory damages in an amount to be determined by the Court.

38.    Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF

(15 U.S.C. § 1681n - BOA)

39.    Plaintiff realleges paragraphs 1-38 as if fully set forth herein.

40.    Defendant BOA willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b), namely:

      a.     Failing to conduct an investigation with respect to the disputed information;

      b.     Failing to review all relevant information provided by the consumer reporting agency;

      c.     Failing to report the results of the investigation to the consumer reporting agency, and;

      d.     Failing to report any incomplete or inaccurate information to all other consumer reporting agencies to which BOA furnished the inaccurate or incomplete information.

41.     As a result of Defendant BOA's violations of the FCRA, Plaintiff has suffered damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

42.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

43.     Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

### FOURTH CLAIM FOR RELIEF

(15 U.S.C. § 1681o – BOA)

44.     Plaintiff realleges paragraphs 1-43 as if fully set forth herein.

45.     Defendant BOA willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b), namely:

a. Failing to conduct an investigation with respect to the disputed information;

b. Failing to review all relevant information provided by the consumer reporting agency;

c. Failing to report the results of the investigation to the consumer reporting agency, and;

d.  Failing to report any incomplete or inaccurate information to all other consumer reporting agencies to which BOA furnished the inaccurate or incomplete information.

46.     As a result of Defendant BOA's violations of the FCRA, Plaintiff has suffered damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

47.     Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## **PRAYER**

Wherefore Plaintiff prays for judgment as follows:

1.     On Plaintiff's First Claim for Relief for willful violations of the FCRA against Experian:

      a.     Any actual damages sustained or damages of not less than $100 and not more than $1000 in amounts to be determined by the jury;

      b.     Punitive damages in an amount to be determined by the jury; and,

      c.     Attorney's fees and costs.

2.     On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Experian:

      a.     Actual damages in an amount to be determined by the jury; and,

      b.     Attorney's fees and costs.

3.     On Plaintiff's Third Claim for Relief for willful violations of the FCRA against defendant BOA:

      a.     Any actual damages sustained or damages of not less than $100 and not more than $1000 in amounts to be determined by the jury;

      b.      Punitive damages in an amount to be determined by the jury; and,

      c.      Attorney's fees and costs.

4.      On Plaintiff' Fourth Claim for Relief for negligent violations of the FCRA against defendant BOA:

      a.      Actual damages in an amount to be determined by the jury; and,

      b.      Attorney's fees and costs.

5.      Any other relief as deemed appropriate by this honorable Court.

Plaintiff respectfully demands a jury trial on all claims.

Respectfully submitted,

Dated: January 30, 2015      **Addleman Law Firm, LLC**

/s/ Andrew M. Esselman
Andrew M. Esselman  # 26113
Thomas A. Addleman # 21104
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tel:   (816) 994-6200
Fax:   (855) 523-5905
AndrewE@addlemanlawfirm.com
Tom@addlemanlawfirm.com